Strickland agt. Heuger.

## SUPREME COURT.

MILES STRICKLAND agt. CHARLES E. HEUGER *et al.*

*County judge — his power to grant a stay of proceedings.*

A county judge has power and is authorized to grant chamber orders.

A judge at chambers has no power to make an absolute, indefinite and continuing order, either to set aside or stay proceedings.

The plaintiff had served a complaint, and a motion had been made by defendants to have it made more definite, &c., and an order allowing plaintiff to amend his complaint was entered by the Jefferson June special term; the plaintiff, availing himself of the order, served an amended complaint on September 9, 1876. The order of June special term gave defendants forty days after such amended complaint was served, to answer. October seventeenth, on notice of motion and affidavits, an order was granted by a county judge which reads, viz.: " On the foregoing affidavits and notice of motion, ordered, that the time for defendants to serve answer or demur in this action be extended twenty days *from date*, and all proceedings on the part of plaintiff be stayed accordingly."

*Held*, that the order of October seventeenth, granted by the county judge, was authorized and valid.

*Jefferson Special Term, November,* 1876.

MOTION by the plaintiff to set aside an order granted by judge SAWYER (1), " for the reason the same is unauthorized, and grants a positive stay for twenty days; (2), and that the same be vacated and set aside, with costs, or for such other or further relief as the court may see fit to grant."

The defendants suggest that the motion is made without service by plaintiff of the affidavit on which the county judge granted the order. But the papers submitted show what affidavits and notice of motion were before judge

Strickland agt. Heuger.

SAWYER when he granted the order objected to by plaintiff.

*N. Whitney,* for motion.

*Williams & McFarlen,* opposed.

HARDIN, J. — The plaintiff had served a complaint, and the defendants made a motion to have it made more definite, &c. That motion was heard at the Jefferson June special term, and resulted in an order allowing the plaintiff to amend his complaint. Availing of that order, the plaintiff served an amended complaint, and it appears by a memorandum on it that such service was made September 9, 1876. The order of June special term gave the defendants forty days after such amended complaint was served to answer.

The defendants, October 17, 1876, prepared a notice of motion and affidavits to set aside the amended complaint, and an affidavit of merits, and applied to judge SAWYER for an order, which he granted. That order is the subject of this motion. It reads, viz.: "On the foregoing affidavits and notice of motion, ordered, that the time for the defendants to serve answer or demur in this action be extended twenty days *from date,* and all proceedings on the part of plaintiff be stayed accordingly.

"Dated *October* 17, 1876.

    (Signed)     "O. H. SAWYER,

                      "*Judge of Jefferson county.*"

When this order was made the forty days had not expired given by the June special term order, and the order was therefore made while the defendants were not in default.

It extended the time "twenty days from *date,*" and was, therefore, within the power of a judge at chambers; and it granted a stay "accordingly," which, of course, was limited by the twenty days. It was by a judge authorized to grant chamber orders (*Rule* 30, *sec.* 401, *sub.* 6, *of Code*).

Strickland agt. Heuger.

The judge having power to grant the order, it follows that it cannot be vacated or set aside as unauthorized.

This motion is not put upon any irregularity specified, and, therefore, any irregularity is not brought up (*Rule* 46).

The order could not operate to create a stay of proceedings beyond twenty days, and therefore the case of *Mills* agt. *Thursby* (11 *How.*, 114) does not apply.

If the stay had been indefinite the same would not have been good (*Bk. of G.* agt. *Spencer*, 15 *How.*, 15). That case is reported 15 *How.*, 416, and the opinion of justice GREEN was put upon the ground that the proceedings there were not governed by ordinary rules applicable in actions, but rather to the rules applicable to special proceedings.

The order of 17th October, 1876, granted by judge SAWYER, must be held to have been authorized and valid.

The motion to set aside is denied, with ten dollars costs.